*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-five.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee,*

v.

COLIN WILLIAMS,

*Defendant-Appellant.*

24-2585-cr

---

| | |
|---|---|
| For Defendant-Appellant: | Daniel Habib, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |
| For Appellee: | Justin Horton and James Ligtenberg, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REMANDED** in part and **AFFIRMED** in part.

Defendant-Appellant Colin Williams appeals from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *District Judge*), entered on September 26, 2024. On January 11, 2024, Williams pled guilty to possessing ammunition after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court indicated its intention to impose a search condition authorizing a probation officer to search Williams' "person, property or residence, vehicle, papers, and . . . electronic devices." Williams objected to the inclusion of electronic devices within the search condition. After the Government took no position, the district court responded, "All right. So I'll strike those." The written judgment, however, permits searches of Williams's "data storage devices, cloud storage or media, and effects." Williams now appeals, challenging both this discrepancy and the constitutionality of § 922(g)(1). We assume the parties' familiarity with the case.

Williams raises both facial and as-applied challenges to the constitutionality of § 922(g)(1), citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Our decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), forecloses both arguments. In *Zherka*, we held that our decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), which upheld § 922(g)(1) as a "constitutional restriction on the Second Amendment rights of convicted felons," *id*. at 281–82, "remains good law in this Circuit." *Zherka,* 140 F.4th at 75.

Both parties agree that the district court failed to conform the written judgment to the sentence that was orally imposed. We, too, agree. We thus **REMAND** with instructions to the district court to strike the portion of the special condition of supervised release that authorizes

2

searches of Williams's "data storage devices, cloud storage, [and] media." In all other respects, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk